UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Charles W. Pollock, Jr.,

    Petitioner,

v.

Steven Kallis, Warden,

    Respondent.

Case No. 21-cv-2327 (ECT/DTS)

**REPORT AND RECOMMENDATION**

---

    Petitioner Charles W. Pollock, Jr., is currently serving in Minnesota a term of imprisonment imposed by the United States District Court for the Central District of Illinois. For the third time, Pollock has filed a petition for a writ of habeas corpus in this District challenging the validity of that sentence, this time on the grounds that the sentencing court misapplied a provision of the United States Sentencing Guidelines. *See Pollock v. United States*, No. 18-CV-1617 (PAM/BRT) (D. Minn.); *Pollock v. Kallis*, No. 20-CV-0643 (NEB/TNL) (D. Minn.). And for the third time, Pollock will be explained that the Court lacks jurisdiction over habeas claims challenging the validity of a conviction or sentence. This matter should therefore be dismissed without prejudice.

    Section 2255(e) of Title 28 provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Put another way, a motion brought pursuant to § 2255 in the sentencing court is generally the exclusive remedy for claims collaterally attacking the validity of a federal conviction or

1

sentence. A federal prisoner cannot challenge the validity of his conviction or sentence through a habeas petition unless § 2255 is found to be inadequate or ineffective. And § 2255 is not inadequate or ineffective where a petitioner previously has had an unobstructed procedural opportunity to present his claim. *See Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004). The exclusive-remedy rule of § 2255(e) is jurisdictional. *See Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003).

The claim presented in the habeas petition regarding the proper application of the Sentencing Guidelines would have known to Pollock at the time of sentencing. Nothing about the claim rests upon a newly recognized right or a new interpretation of federal law. Pollock therefore had an unobstructed procedural opportunity to raise claim on direct appeal and again in proceedings under § 2255. Indeed, Pollock *did* present the claim in his habeas petition on direct appeal, and the claim was rejected on the merits. *See United States v. Pollock*, 757 F.3d 582, 592-93 (7th Cir. 2014). Section 2255(e) bars the relitigation of that claim in habeas proceedings; Pollock had, and took full advantage of, the unobstructed procedural opportunity presented to him to raise the claim that he now seeks to raise again.

Accordingly, it is recommended that this matter be dismissed without prejudice for lack of jurisdiction. Because it is recommended that this matter be dismissed, it is further recommended that Pollock's pending application to proceed *in forma pauperis* be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Finally, because the petition is squarely barred from consideration on the merits, and because Pollock would have understood this due to the dismissals of his prior petitions on similar grounds, this Court believes that Pollock cannot show a non-frivolous basis for filing an

2

appeal from this action. Accordingly, it is recommended that it be certified that any appeal taken from the dismissal of this matter would not be taken in good faith and that any application to proceed *in forma pauperis* on appeal would be denied for that reason. *See* 28 U.S.C. § 1915(a)(3).

### RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, this Court RECOMMENDEDS that:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The application to proceed *in forma pauperis* of petitioner Charles W. Pollock, Jr. [Docket No. 3] be DENIED.

3. It be certified that any appeal taken from the dismissal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: November 4, 2021                     ___s/David T. Schultz_____
                                            DAVID T. SCHULTZ
                                            U.S. Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).